**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                                                    Case No. 6:15-bk-03448-KSJ

ORLANDO GATEWAY PARTNERS, LLC,                          CHAPTER 11

          Debtor.

_____/

ORLANDO GATEWAY PARTNERS, LLC,

          Claimants,                                               Adv. Pro. No. 6:15-ap-00084-KSJ

vs.                                                                       *(Substantively Consolidated)*

GOOD GATEWAY, LLC, and SEG
GATEWAY, LLC,

          Defendant(s).

_____/

**GOOD GATEWAY, LLC'S AND SEG GATEWAY, LLC'S THIRD *EX PARTE* MOTION FOR PROCEEDINGS SUPPLEMENTARY AGAINST JUDGMENT DEBTORS NCT SYSTEMS, INC., CHITTRANJAN F. THAKKAR, AND AGAINST THIRD PARTY IMPLEADER DEFENDANTS ROHAN THAKKAR, NILOY THAKKAR, SALONI THAKKAR, NILOY, INC., NILHAN FINANCIAL, LLC, RNT, LLC, AND SALONI THAKKAR, LLC AND FOR RELATED RELIEF WITH SUPPORTING MEMORANDUM OF LAW**

Adversary Proceeding Claimants, Good Gateway, LLC ("Good Gateway") and SEG Gateway, LLC ("SEG") (collectively "Claimants"), by and through the undersigned, pursuant to §56.29 Fla. Stat., hereby move *ex parte* for commencement of proceedings supplementary (this "Third Motion") against Defendants and judgment debtors NCT Systems, Inc., and Chittranjan K. Thakkar, and against third party impleader Defendants Saloni Thakkar, Rohan Thakar, Niloy Thakar, Niloy, Inc., Nilhan Financial, LLC, RNT, LLC, and Saloni Thakkar, LLC, and for related relief, including but not limited to, the appearance and defense before this Court for the avoidance of fraudulent transfers, and in support thereof alleges the following:

**Brief Summary**

1.      This Third Motion is for the establishment of proceedings supplementary seeking different relief than the prior Motions filed by Claimants.  This Third Motion seeks to establish an action to avoid fraudulent transfers from the Judgment Debtors to various related third parties, namely, Rohan Thakar, Niloy Thakar, Niloy, Inc., Nilhan Financial, LLC, RNT, LLC, and Saloni Thakkar, LLC (collectively, the "Impleader Defendants").  Contemporaneous with this Third Motion, Claimants are filing a Motion to Implead Third Parties and a Supplemental Complaint for the Avoidance of Fraudulent Transfers.

**Basis for *Ex Parte* Relief**

2.      The relief sought in this Motion may be granted *ex parte* because Claimants do not seek by this Motion to adjudicate the substantive rights of any party.  *See* Coburn, Guy Piers. "Extraordinary Remedies," FL-CLE 11-1 (2012) ("The motion [for proceedings supplementary] is not an adjudication, and therefore it may be heard *ex parte*.").

3.      "Proceedings supplementary through § 56.29 are a procedural mechanism that provide a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment." *In re Hill*, 332 B.R. 835, 843 (Bankr. M.D. Fla. 2005) (*citing Conrad v. McMechen*, 338 So.2d 1306, 1307 (Fla. 4th DCA 1976)).

4.      The only prerequisites to proceedings supplementary are: (1) a valid outstanding judgment lien; and (2) an affidavit stating that the judgment remains unsatisfied.  *Biloxi Casino Corp. v. Wolf*, 900 So.2d 734 (Fla. 4th DCA 2005).

5.      Proceedings supplementary are not discretionary.  "Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Id.*

**Procedural Background**

2

6. On December 22, 2009, a complaint was filed in this lawsuit against the Defendants to this action.

7. A jury trial was held in July 2014. On July 16, 2014, a unanimous jury returned a verdict in favor of the Claimants for $2,500,000.00 in favor of Good Gateway, LLC and $12,000,000.00 in favor of SEG Gateway, LLC.

8. On October 3, 2014, Claimants obtained Final Judgments against the Defendants and Judgment Debtors, including Thakkar, as follows:

(a) Final Summary Judgment on Good Gateway, LLC's Second amended Complaint against Defendants Thakkar, OGP, Nilhan, Niloy, and NCT in the amount of $2,500,000.00;

(b) Final Judgment on SEG Gateway, LLC's Amended Crossclaim against Defendants Thakkar, Nilhan, and NCT in the amount of $12,000,000.00; and

(c) Final Judgment on SEG Gateway, LLC's Amended Crossclaim against Defendants OGP and Niloy in the amount of $15,376,435.58 ($12,000,000.00 plus pre-judgment interest) (collectively, the "Judgments").

9. The Claimants hold unsatisfied writs of execution against all Defendants and Judgment Debtors in this action, which writs remain valid and outstanding.

16. Claimants have received no satisfaction, in part or in full, of the Judgments.

17. Execution of the Judgments remains valid and outstanding, and Claimants are entitled to proceedings supplementary under § 56.29 of the *Florida Statutes*.

18. Contemporaneously with this Motion, Claimants have filed an Affidavit in compliance with § 56.29(1), *Fla. Stat.*

19.     All conditions precedent to this action have been performed, waived, or frustrated by the Judgment Debtors.

20.     Claimants have retained the undersigned attorneys to represent them in this matter and are obligated to pay them a reasonable fee.

21.     Claimants are entitled to recover their reasonable attorneys' fees and costs incurred in collecting on the judgments against all Defendants pursuant to § 56.29 and § 57.115, *Fla. Stat*.

## Factual Background

22.     Claimants move against the Impleader Defendants because Claimants have knowledge that certain Judgment Debtors transferred interests in property to the Impleader Defendants for unreasonable consideration and in such a manner as would constitute a fraudulent conveyance pursuant to § 56.29(6)(b), § 726.105, § 726.106, and § 222.30 *Fla. Stat*.

23.     Claimants seek to set aside the fraudulent transfers at issue, as more specifically alleged in the Supplemental Complaint filed herewith and incorporated herein by reference.

24.     Claimants need the help of this Court to avoid the fraudulent transfers.

## MEMORANDUM OF LAW

### Purpose of Proceedings Supplementary

Proceedings supplementary are authorized by § 56.29, Fla. Stat.  Subsection (1) states as follows:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment

4

lienholder is entitled to these proceedings supplementary to execution.

Subsection (5) further states as follows:

> The court may entertain **claims concerning the judgment debtor's assets brought under chapter 726** and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 are subject to the provisions of chapter 726 and applicable rules of civil procedure.

(emphasis added).

Subsection (6)(b) further states as follows:

> When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution.

Subsection (9) further states as follows:

> The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments against **any impleaded defendant** irrespective of whether such defendant has retained the property, subject to ss. 56.18 and 56.19 and applicable principles of equity, and in accordance with chapters 76 and 77 and applicable rules of civil procedure.

(emphasis added).

The purposes of proceedings supplementary is to

> provide[] a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto **by a speedy and direct proceeding in the same court in which the judgment was recovered.**

*Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla. 4th DCA 1994) (citations and internal quotations omitted) (emphasis in original).

They are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor.  *See id.; Tomayko v. Thomas*, 143 So.2d 227, 229 (Fla. 3d DCA 1962) (statutory proceedings supplementary to execution are a substitute for a creditor's bill which was the traditional process for reaching assets of a judgment debtor); *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.*, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (the proceeding is "equitable in nature and should be interpreted liberally to ensure that a judgment creditor receives the most complete relief possible without the necessity of initiating a separate action.") (Internal citations and quotations omitted).

A court has "broad discretionary powers" to carry out the purpose and intent of § 56.29, Fla. Stat, which is equitable in nature.  *Donan v. Dolce Vita Sa, Inc.*, 992 So.2d 859, 861 (Fla. 4th DCA 2008).  The liberal construction of § 56.29 permits a court to

> fashion an appropriate equitable remedy to afford a judgment creditor as complete relief as possible . . . .

*Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145, 150 (Fla. 4th DCA 1994).

Through this statutory mechanism, the Florida Legislature intended to provide "a swift, summary disposition of issues through the relief of equitable remedies." *Mission Bay Campland, Inc. v. Sumner Fin. Corp*, 72 F.R.D. 464, 466 (M.D. Fla. 1976).  "Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing." *Zureikat v. Shaibani*, 944 So.2d 1019, 1022 (Fla. 4th DCA 2006).

### Pleading and Procedural Requirements

Although § 56.29, Fla. Stat. was enacted in 1919,

there are no rules that assist an attorney with the filing of proceedings supplementary. The practitioner must rely on a limited body of cases discussing this statute and several treatises that provide assistance. *See, e.g.,* Bruce J. Berman, *Berman's Florida Civil Procedure* §§ 550.9-.10, 560.4 (2010-11 ed. 2010); Guy P. Coburn, *Creditors' & Debtors' Practice in Florida* § 11.6, et seq. (2007); Philip J. Padovano, *Florida Civil Practice* § 13:6 (2011 ed. 2010).

On the fact of the statute, a party commences these proceedings not by filing a motion, but by filing an affidavit. In the affidavit, the affiant must attest that he or she holds an unsatisfied judgment obtained under chapter 55, identify the issuing court and case number, state the unsatisfied amount of the judgment, and confirm that the execution is valid and outstanding. By filing such an affidavit, the holder "is entitled to these proceedings supplementary to execution." § 56.29(1).

*B&I Constrs., Inc. v. Mel Re Constr. Mgmt.*, 66 So.3d 1035, 1037-38 (Fla. 2d DCA 2011) (cited with approval by *Okaloosa New Opportunity, LLC v. LD Projects, LLC*, 109 So.3d 1209, 1214 (Fla. 5th DCA 2013)).

The only prerequisites to proceedings supplementary are: (1) a valid outstanding judgment lien; and (2) an affidavit stating that the judgment remains unsatisfied. *Biloxi Casino Corp. v. Wolf*, 900 So.2d 734 (Fla. 4th DCA 2005). "Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Id.*

### Grounds for Relief Requested

Pursuant to § 56.29(5), *Fla. Stat.*, the Court "may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property." By its own terms, the statute authorizes actions under chapter 726 through the proceedings supplementary process.

Additionally, Florida Statutes § 222.30(2) provide that:

7

> Any conversion by a debtor of an asset that results in the proceeds of the asset becoming exempt by law from the claims of a creditor of the debtor is a fraudulent asset conversion as to the creditor, whether the creditor's claim to the asset arose before or after the conversion of the asset, if the debtor made the conversion with the intent to hinder, delay or defraud the creditor.

Claimants therefore request that this Court enter an order commanding the Impleader Defendants to appear before this Court in proceedings supplementary and directing the Impleader Defendant to file a responsive pleading to the Supplemental Complaint within thirty (30) days of an Order granting this Third Motion.

WHEREFORE, Claimants move the Court to enter an Order granting this Third Motion, together with the following relief:

(a)     Commanding the Impleader Defendants to appear before this Court in proceedings supplementary and setting a hearing time for same;

(b)     Directing the Impleader Defendants to file a responsive pleading or motion to the Supplemental Complaint within thirty (30) days of the entry of an Order granting this Third Motion;

(c)     Granting all relief requested in the Supplemental Complaint;

(d)     Awarding such other and further relief as this Court may deem just and proper pursuant to its broad equitable powers in the proceeding.

Dated: September 16, 2015                Respectfully Submitted,

                                */s/ Clay M. Townsend*
                                Clay M. Townsend, Esq.
                                Florida Bar No. 363375
                                Keith R. Mitnik, Esq.
                                Florida Bar No. 436127
                                MORGAN & MORGAN, P.A.
                                20 North Orange Avenue, Suite 1500
                                Orlando, FL 32801-3432

Telephone:  (407) 418-2075
Facsimile:  (407) 245-3346
Email: ctownsend@forthepeople.com
              kmitnik@forthepeople.com
*Co-Counsel for Good Gateway, LLC*
*and SEG Gateway, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via CM/ECF electronic notification on all Electronic Filing Users on the list to receive email notice/service for this case.  I further certify that on this 16th, day of September, 2015, I caused a copy of the foregoing to be served via email, U.S. mail, and/or hand-delivery to:

Office of the U.S. Trustee - ORL
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Timothy S. Laffredi
Office of the U.S. Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801

Kenneth D. (Chip) Herron, Jr.
Wolff Hill McFarlin & Herron P.A.
1851 West Colonial Drive
Orlando, FL 3280
kherron@whmh.com;
kmaples@whmh.com

Michael A. Tessitore
Moran Kidd Lyons & Johnson, P.A.
111 N. Orange Ave., Suite 900
Orlando, FL 32801
mtessitore@morankidd.com;
epolanco@morankidd.com

R. Scott Shuker, Esq.
Latham Shuker Eden & Beaudine LLP
111 North Magnolia Ave., Suite 1400
Orlando, FL 32801
rshuker@lseblaw.com;jocasio@lseblaw.com;
bknotice@lseblaw.com

*/s/ Clay M. Townsend*
Clay M. Townsend, Esq. (FBN: 363375)
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1500
Orlando, FL 32801-3432
Telephone:  (407) 418-2075
Facsimile:  (407) 245-3346
Email: ctownsend@forthepeople.com

9