**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                                    Case No.: 6:15-bk-03448-KSJ
                                                          Chapter 11
ORLANDO GATEWAY PARTNERS, LLC

                        Debtor.
_____/

ORLANDO GATEWAY PARTNERS, LLC,

            Plaintiff,
vs.                                                       Adv. Pro. No. 6:15-ap-00084-KSJ

GOOD GATEWAY, LLC and SEG
GATEWAY, LLC,

                Defendants/Third Party Plaintiffs,
_____/

**MOTION FOR RECONSIDERATION OF ORDERS AND JUDGMENTS ENTERED**
**AGAINST CHITTRANJAN K. THAKKAR, NCT SYSTEMS, INC., NILOY & ROHAN,**
**LLC, ORLANDO GATEWAY PARTNERS, LLC, and NILHAN HOSPITALITY, LLC**

        Defendants CHITTRANJAN K. THAKKAR, ("Thakkar"), who holds a 70%

Member interest in Nilhan Hospitality, LLC ("NH") a Chapter 7 Debtor in this Division;

NCT SYSTEMS, INC. ("NCT"), which holds a 45% Member interest in Orlando Gateway

Partners, LLC ("OGP") a Chapter 7 Debtor in this Division; NILOY & ROHAN, LLC,

("NR") which holds a 55% Member interest in OGP; (jointly, "Defendants"), by and

through their undersigned counsel, on their behalf and on behalf of NH and OGP to the

extent that the Members of these Debtors have standing in the Chapter 7 bankruptcy

cases of NH and OGP, and/or as subsequently joined by the Chapter 7 Trustees, file

their Motion for Reconsideration of Orders and Judgments entered in the State Court

prior to the removal of the cases to this Court and state as follows:

## BANKRUPTCY COURT BACKGROUND

1.      On April 20, 2015, NH and OGP (jointly, the "Debtors") each filed voluntary petitions under chapter 11 of the bankruptcy code, 11 U.S.C. § 101 *et seq.* These cases were subsequently converted to Chapter 7 and a Bankruptcy Trustee was appointed in each case.

2.      On July 10, 2015, OGP removed to the Bankruptcy Court Case No. 2010-CA-015315-O that was pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County Florida, against the Debtors and several other named persons and entities ("State Court Action"), commencing adversary proceeding no. 6:15-ap-00084-KSJ ("OGP Adv.").

3.      Similarly on July 10, 2015, NH removed the State Court Action to the Bankruptcy Court, commencing adversary proceeding no. 6:15-ap-00083-KSJ ("NH Adv.").

4.      On July 17, 2015, OGP filed ten (10) volumes of court documents from the State Court Action in the OGP Adv., consisting of over 17,000 pages of filed pleadings, papers and exhibits [*see* Docs 6-15], and a number of motions that were filed in the underlying case [*see* Docs 16-50].

5.      On August 27, 2015, and after considering "…the interest of judicial economy and the interested parties…", the Court entered an Order consolidating the NH Adv. into the OGP Adv. [*see* Doc 56], and designating the OGP Adv. as the "Lead Case" under OGP's bankruptcy case number (jointly, the consolidated adversary proceedings are the "Removal Adversary").

## STATE COURT BACKGROUND

6.      On October 3, 2014, Final Judgments were entered as follows:

a.  In favor or SEG Gateway, LLC against Defendants Chittranjan K. Thakkar, Nilhan Hospitality, LLC, and NCT Systems, Inc., in the amount of $12,000,000.00;

b.  In favor or SEG Gateway, LLC, against Defendants Orlando Gateway Partners, LLC and Niloy & Rohan, LLC, in the amount of $12,000,000.00 plus pre-judgment interest against the Defendants Orlando Gateway Partners, LLC and Niloy & Rohan, LLC, in the amount of $3,376,435.58; and

c.  In favor of Good Gateway, LLC against Defendants Chittranjan K. Thakkar, Orlando Gateway Partners, LLC, Nilhan Hospitality, LLC, Niloy & Rohan, LLC, and NCT Systems, Inc., in the amount of $2,500,000.

7.      On October 17, 2014, Defendants filed a Motion to Amend the Judgments.

8.      On October 20, 2014, Plaintiffs filed a Motion for Clarification and/or Leave to Amend Final Judgments ("Motion to Amend").  The Defendants filed a Response in Opposition to the Motion to Amend on November 14, 2014.  The Plaintiffs filed a Reply to the Motion to Amend on November 26, 2014. On February 5, 2015, Plaintiffs filed Supplemental Evidence and Authorities in Support of the Motion to Amend. On March 30, 2015 the court entered an Order Denying the Motion to Amend.

9.      On October 31, 2014, the Judgment Debtors of Judgments 6(a & b) above filed a Notice of Appeal.

10.     On October 31, 2014, the Judgment Debtors of Judgments 6(c) above

filed a Notice of Appeal.

11.     On November 3, 2014, the Defendants filed two Amended Notices of Appeal in which they detailed a number Orders underlying the Judgment which were being appealed in each of the appeals.

12.     On November 14, 2014, the Plaintiffs filed Notices of Cross-Appeal in each of the pending appeals.

13.     On January 29, 2015, the State Court entered Amended Final Judgments as to each of the judgments listed in paragraphs 6(a, b & c) above.

14.     On February 27. 2015, the Defendants filed Second Amended Notices of Appeal as to the Amended Final Judgments referenced in Paragraphs 13 above.

15.     A Notice of Removal was filed in the State Court Action on July 10, 2015.

## THE REMOVAL OF THE CASE

16.     The Defendants, the Plaintiffs and numerous other entities consented to the Removal of the State Court Action to the Bankruptcy Court and an Order was entered on the jurisdictional issues (Doc. 53).

17.     At the time the case was removed to the Bankruptcy Court, the various appeals from the underlying State Court Orders were pending.  Since the removal of the case, both the Defendants and the Plaintiffs have filed papers with the Fifth District Court of Appeal acting as though that court somehow had jurisdiction to hear the appeals.

18.     Notwithstanding the actions of the parties, common sense dictates that the District Court of Appeal could not possibly have jurisdiction to hear the appeals, in that regardless of what Order that court were to enter, there is no court over which the

District Court of Appeals has jurisdiction to remand or sustain its order on the appeals.

19.     On October 16, 2015, the Defendants/Appellants filed their Initial Briefs with the Fifth District Court of Appeals in appellate cases numbered 5D14-3962 and 5D14-3964.

20.     A review of the Appellants' Initial Briefs reveals that the State Court Judge made numerous errors during the course of the case.  The most significant of the errors, regarding the standing and the percentage ownership of the Appellees in SEG which resulted in clearly erroneous orders regarding the effect of a Chapter 7 bankruptcy case filed by Steven C Smith in the Atlanta Division of the Northern District of Georgia.

21.     The Appellant's Initial Brief in Case number 5D14-3962 is replete with case law showing that the Trial Judge did not comprehend the nature of a Bankruptcy Trustee's ownership interest in a single member LLC and the effect that this ownership has on the actions purportedly taken by the individual debtor in that case.

22.     In fact, the Steven C Smith bankruptcy case has been reopened to sell the unscheduled asset, Orlando Gateway, LLC, a Georgia LLC, which was owned 100% by Steven C. Smith in 2010 when he filed his Chapter 7 Bankruptcy case.  The Chapter 7 Trustee is selling the interest she owns in OG at a sale she is conducting on April 21, 2016.  Apparently the "standing" that the Trial Judge gave to SEG to proceed with its counter-claim was based upon faulty reasoning.

23.     This very important bankruptcy distinction is crucial in our case and is sometimes difficult for non-bankruptcy practitioners to comprehend.  In our case, the Trial Court Judge made a finding so inappropriate on a bankruptcy issue that is vital to the underlying jurisdiction of the State Court and the very standing of the parties to the

underlying State Court Action.

24.    As the Appellants' Initial Briefs contain various other material errors made by the Trial Court and as the Fifth District Court of Appeal does not have jurisdiction over the docketed appeals, the Movants request that this Court consider the Initial Briefs filed by the Appellants to be Motions for Reconsideration of the erroneous trial court rulings and rule upon these matters.

**WHEREFORE** Defendants respectfully request that this Honorable Court enter an Order (i) granting this Motion, (ii) reviewing the Initial Briefs of the Appellants and rendering an Order which reflects the correct status of the bankruptcy laws (iii) reviewing the other issues fully briefed in the Initial Briefs of the Appellants; and (iv) granting any further and additional relief the Court deems just and prudent.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Middle District and Southern District of Florida, that I am in compliance with the additional qualifications to practice in the Southern District of Florida as set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was filed using CM/ECF and served this 21st day of March, 2016: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case.

Moffa & Breuer, PLLC
Attorneys for Defendants/Appellants/Movants
1776 N. Pine Island Rd. #102
Plantation, Florida 33322
Telephone    954-634-4733
FAX            954-337-0637
Email  John@moffa.law

By: /s/ John A. Moffa
        John A. Moffa
        FBN 0932760
        Stephen C. Breuer
        FBN 99709