## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                                          Case No. 6:15-bk-03448-KSJ

ORLANDO GATEWAY PARTNERS, LLC,                   CHAPTER 11

                        Debtor.

_____/

ORLANDO GATEWAY PARTNERS, LLC,                   Adv. Pro. No. 6:15-ap-00084-KSJ

            Plaintiff,                                          *(Substantively Consolidated)*

vs.

GOOD GATEWAY, LLC, and SEG
GATEWAY, LLC,

            Defendants/ Third Party Plaintiffs.

_____/

### OMNIBUS RESPONSE AND MEMORANDUM OF LAW IN RESPECT OF: (1) MOTION FOR RECONSIDERATION OF ORDERS AND JUDGMENTS ENTERED AGAINST CHITTRANJAN K. THAKKAR, NCT SYSTEMS, INC., NILOY & ROHAN, LLC, ORLANDO GATEWAY PARTNERS, LLC, & NILHAN HOSPITALITY, LLC [Doc. 219, 236]; AND (2) MOTION FOR IMPOSITION OF STAY OF EXECUTION OF COLLECTION ON JUDGMENTS ENTERED AGAINST CHITTRANJAN K. THAKKAR, NCT SYSTEMS, INC., NILOY & ROHAN, LLC, ORLANDO GATEWAY PARTNERS, LLC, AND NILHAN HOSPITALITY, LLC [Doc. 220]

Third Party Plaintiffs, Good Gateway, LLC ("Good Gateway") and SEG Gateway, LLC

("SEG") (collectively, the "Judgment Creditors"), by and through their undersigned counsel,

hereby file their opposition in response to the Motion for Reconsideration of Orders and

Judgments Entered Against Chittranjan K. Thakkar, NCT Systems, Inc., Niloy & Rohan, LLC,

Orlando Gateway Partners, LLC, and Nilhan Hospitality, LLC [Doc. 219] ("Reconsideration

Motion") and the Motion for Imposition of Stay of Execution of Collection on Judgments

Entered Against Chittranjan K. Thakkar, NCT Systems, Inc., Niloy & Rohan, LLC, Orlando

Gateway Partners, LLC, and Nilhan Hospitality, LLC [Doc. 220] ("Stay Motion"), (collectively the "Motions") filed by Chittranjan K. Thakkar ("Thakkar"), NCT Systems, Inc. ("NCT"), Niloy & Rohan, LLC ("N&R") (Thakkar, NCT, N&R ("Movants"), together with Debtors: Orlando Gateway Partners, LLC ("OGP"), and Nilhan Hospitality, LLC ("Nilhan Hospitality") are hereafter, collectively, referred to as, "Thakkar Entities"), and in support thereof states as follows:

I.    **Summary of Relief Sought**

In the Reconsideration Motion, the Thakkar Entities request this Court: (i) grant the Movants relief from the Judgments entered in the State Court Case pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) and (6) because the "underlying Orders are so fatally flawed as to justify relief;" (ii) review the Initial Briefs  of the Appellants and render an Order which reflects the correct status of the bankruptcy laws; and (iii) review the other issues fully briefed in the Initial Briefs of the Appellants. In support of their position, the Movants argue that based upon Eleventh Circuit precedent, as set forth in *Jackson v. American Savings Mortgage Corporation*, 924 F. 2d 195 (11th Cir. 1991) and *Nicholson v. Shafe*, 558 F. 3d 1266 (11th Cir. 2009), only the federal courts have jurisdiction regarding the final judgments and the Appeals in a removed proceeding.  In this Response, the Judgment Creditors assert that the Movants have failed to comply with the procedural requirements set forth in *Jackson* and dispute that the Thakkar Entities are entitled to any relief pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) and (6) and *Nicholson*.

## II.     Factual Background

1.      Prior to the commencement of the bankruptcy cases, Good Gateway filed a complaint commencing the litigation styled *Good Gateway, LLC v. Orlando Gateway Partners, LLC, et al.*, Case No. 2010-CA-015315-O (Division 43) (the "State Court Litigation"), in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "State Court"). Subsequently, on May 29, 2012, SEG filed a crossclaim complaint in the State Court Litigation against OGP, Nilhan Hospitality, Thakkar, NCT, N&R, Nilhan Financial LLC, Orlando Gateway, LLC, and Niloy, Inc., d/b/a DCT Systems.  On October 3, 2014, Judgment Creditors obtained final judgments against the Thakkar Entities (the "Judgments").

2.      On November 3, 2014, the Thakkar Entities filed notices of appeal of the Judgments. OGP and Nilhan Hospitality filed Chapter 11 petitions on April 20, 2015. On June 2, 2015, this Court granted relief from the automatic stay to allow the appeal cases *Orlando Gateway Partners, LLC, et al., v. SEG Gateway, LLC, etc. et al.*, case no. 5D14-3962 and *Chittranjan K. Thakkar, an individual, et al., v. Good Gateway, LLC, etc. et al.*, case no. 5D14-3 (collectively, the "Appeals") to proceed to conclusion. (Doc No. 26 in Case 15-bk-3448) (the "Stay Order").

3.       On July 10, 2015, OGP filed a notice of removal of the State Court Case resulting in the instant adversary proceeding (the "Instant Proceeding").

## III.     Legal Argument and Memorandum of Law

### A.  The Reconsideration Motion is untimely and the Movants have not complied with the procedural requirements set forth in Jackson.

4.      The Eleventh Circuit in *Jackson* made clear that federal courts do not review state court judgments directly.  *See Jackson*, 924 F. 2d at p. 198.  However, the Eleventh Circuit did

3

note that "when a case removed to a federal court has in it at the time of removal an order or judgment of the state trial judge which, had it been entered by a district judge, would be appealable to this court, it shall be incumbent on the party seeking an appeal **first** to move that the district judge modify or vacate the order or judgment." *Id*. at p. 199.

5.      Under *Jackson*, the **exclusive procedure** parties must follow upon the removal of a state appeal is the filing of a timely Rule 59(e) motion, as incorporated by Rule 9023, Fed.R.Bankr. P.  This requirement was designed to assure "that alleged errors brought before this circuit for review are in fact as well as theory the considered products of a district judge." *Id*. The *Jackson* reasoning was adopted by a panel of the Eleventh Circuit in *Resolution Trust Corp. v. Bakker*, 51 F. 3d 242 (11th Cir. 1995).

6.      Moreover, in footnote nine of the *Jackson* opinion, the Eleventh Circuit determined that the district judge should give a dissatisfied party ten days from the removal date to file a motion to alter or amend a judgment pursuant to Rule 59(e).  *Id*. at p. 199 n. 9. In 2009, Rule 59(e) was amended to expand the ten day period to twenty-eight days.  Rule 6(b) prohibits the expansion of the twenty-eight day period.

7.      As such, a party must file a Rule 59 motion within twenty-eight days of removal to preserve its right to appeal. *See Resolution Trust*, 51 F. 3d at 246.  If a timely Rule 59 motion is filed, the district court must consider and decide the substance of that motion as it would had the judgment originated in federal court. *See id*.  The failure to file a Rule 59 motion within the twenty-eight day period following removal of the case from state court will constitute a waiver of a party's right to challenge that state court judgment. *See id*.

4

8.     In the Instant Proceeding, the Movants have failed to comply with the twenty-eight day period to file a Rule 59 motion challenging the Judgements.  The Movants filed the Reconsideration Motion almost eight months after the removal of the State Court Litigation.  In addition, the Movants failed to file the required Rule 59(e) motion, but rather filed a Rule 60(b) motion.  The *Jackson* court noted that the **exclusive** procedure for review by the federal courts was to file a Rule 59(e) motion.  Accordingly, the Reconsideration Motion should be denied.  To the extent the Court is inclined to consider the merits of the Rule 60(b) motion, the Response addresses those issues *infra*.

### B. <u>The Reconsideration Motion is untimely in respect of Rule 60(b)(1)-(3), *Fed R.Civ.P.*, as Incorporated by Rule 9024, *Fed.R.Bankr. P.*</u>

9.     Should the Court determine that the holding in *Jackson* in respect of Rule 59 is not applicable to this removed proceeding, the analysis would turn to Rule 60(b), *Fed.R.Civ.P.*, as incorporated into Rule 9024, *Fed.R.Bankr.P.*  Under Rule 60, the request is still untimely and unfounded.

10.     Rule 60(b), which governs the Reconsideration Motion, provides as follows:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

11.     Pursuant to Rule 60(c), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Consequently, the last date for filing under 60(b)(1)-(3), would have been January 9, 2016.  This time may not be extended. *Fed.R.Civ.P.* 6(b)(2)."  *Watkins v. Capital City Bank*, Case No. 14-13565 (Slip Op., 11th Cir. June 1, 2015). See also, Rule 9006(b)(2), *Fed.R.Bankr.P.* (The Court may not enlarge the time for taking action under, *inter alia*, Rules 9023 and 9024).

12.     If the Motion for Reconsideration, via 60(b)(1)-(3), is somehow deemed timely, there are no averments which rise to a level to grant relief.  The Thakkar Entities have not argued grounds (2) or (3) and, thus, appear to claim that, despite all of their prior actions and agreements to the contrary, jurisdiction for the Appeals rests with the Bankruptcy Court, as opposed to the Florida 5th DCA as previously agreed, and therefore the Bankruptcy Court should act as a court of appeal of the Florida state court. In other words, the Thakkar Entities are contending that the parties have been litigating the Appeals before the Florida state court under the allegedly "mistaken" belief that the parties can consent to the jurisdiction as to where the state court Appeals can be considered.

13.     The type of "mistake" alleged by the Thakkar Entities does not fall within Rule 60(b)(1).  Rule 60(b)(1) "encompasses mistakes in the application of the law" *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 840 (11th Cir. 1982) (citation omitted).  Relief is available under Rule 60(b)(1) for mistakes of law  in respect of the underlying trial or its application, but typically the district court is not required to grant relief unless the legal error is obvious. *Id.*.

6

14.    In this case, the Thakkar Entites may claim some type of legal error as to the Smith issues but such was not raised until after briefs have been filed on both sides, and well beyond one year after rendition of the Judgments upon which the Thakkar Entities now seek relief.  It is absurd to now claim this "mistake" rises to the level required under (b)(1).

**C.    The Allegations Made by the Thakkar Entities Do Not Constitute Grounds for Reconsideration Under Rule 60(b)(4)-(6)**

15.    As to Rule 60(b)(4)-(6), the Motion for Reconsideration does not make any averments as to 60(b)(4) or (5).  Thus, the sole ground would be Rule 60(b)(6) – "any other reason that justifies relief."

16.    Rule 60(b)(6) permits relief from a judgment for "any other reason that justifies relief," and does not include an outer bound on the time limitation to make the motion. However, the Supreme Court has limited this catch-all category to "extraordinary" circumstances (*Gonzales v. Crosby, 545 U.S. 524, 535 (2005)*; *Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)*); *In re Dawkins*, 2016 WL 792566 (Bankr. M.D. Fla. February 12, 2016) ("Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'").

17.    A Rule 60(b)(6) motion must be based on some reason other than those stated in subsections (1)-(5), and thus cannot be used to circumvent the one-year outer time limitation provided for subsections (1), (2) or (3) (see *Rule 60(c)*; *Liljeberg, 486 U.S. at 863 & n.11*; *United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009)*).  See also, *In re Dawkins*, 2016 WL 792566 (Bankr. M.D. Fla. February 12, 2016) (Rule 60(b)(6) "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b).")

7

18.    Reconsideration has been characterized as an "extraordinary remedy to be applied sparingly."  *In re McCuan*, 2015 WL 7717422 (Bankr. M.D. Fla. November 30, 2015), citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  "Even if errors have been committed, if the issues are at least arguable, such errors do not constitute the type of clear and obvious error that justice demands be corrected."  *Id.*, citing *Howard v. Nano*, 2012 WL 3668045 (N.D. Fla. Aug. 25, 2012).

19.    The sole averment for relief pursuant to Rule 60(b)(6) is that the Judgments "are so fatally flawed as to justify relief."  However, the Thakkar entities previously argued this legal position in Nilhan Financial LLC's ("NF") Response to the Judgment Creditors' Motion to Dismiss Counterclaims (Adv. Pro. No. 6:15-ap-98; Doc. No. 33).  NF argued that the "manifest injustice" exception to the doctrine of collateral estoppel or *res judicata* should be applied to prohibit the preclusive effect of the Judgments.  This Court denied NF's request, granted the Judgment Creditors' Motion to Dismiss, and declined to find that the Judgments were "just completely wrong" and that to apply the doctrines of collateral estoppel and *res judicata* with respect to the Judgments would defeat the ends of justice.

20.    For the foregoing reasons, the Reconsideration Motion under Rule 60(b)(6) should be denied as lacking any foundation.  Additionally, the Reconsideration Motion is improper for the reasons set forth below.

### D.    The *Rooker-Feldman* doctrine does apply to the Judgments.

21.    Assuming the Court is not persuaded that the Motion for Reconsideration is improper under *Jackson* or as untimely under F.R.B.P. 60, the Motion for Reconsideration is also improper under principles of jurisdiction and estoppel.

22.    Thakkar asserts that the *Nicholson* case allows bankruptcy court consideration of the Judgments rendered by the Florida state court. The Eleventh Circuit Court of Appeals in *Nicholson* reasoned that

> 'Generally speaking,' the First Circuit found that state proceedings have 'ended' in three situations: (1) 'when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved,' (2) 'if the state action has reached a point where neither party seeks further action,' and *(3) 'if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated*.'

*Nicholson*, 558 F. 3d at 1274 citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005) (emphasis added).

23.    Under the analysis advanced by the Thakkar Entities, therefore, the question is whether there are any federal questions raised on appeal before the 5th DCA. If not, then the *Rooker-Feldman* [1] doctrine applies.    The state case may be deemed to be ended, for *Rooker-Feldman* analysis, if there are no federal questions involved. With respect to the allegations raised in the Reconsideration Motion, the issue raised in the bankruptcy case of *In re Smith*, pending before the Bankruptcy Court for the Northern District of Georgia, is whether a membership interest in a Georgia LLC was properly transferred to Good Gateway, LLC prior to the debtor's bankruptcy filing, under the Georgia corporate statutes. Those are strictly factual issues which are governed by Georgia state law. Therefore, the *Rooker-Feldman* doctrine applies, and the Appeals should not be impacted by the removal of the instant action.

---

[1] *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1986).

E.    **Movants are Judicially and Equitably Estopped from Disavowing Agreed Orders and Stipulations**

24.    The Thakkar Entities are estopped from their outrageous position which is contrary to their consent to the Stay Order which was relied upon by the Claimants who expended great time and expense to respond to the briefs filed in the Appeals.  Judicial estoppel is an equitable doctrine that is "used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings" where doing so would make "a mockery of justice" by inconsistent pleadings.  See *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001); *American Nat'l Bank v. Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983).  A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party.  *Blumberg,* 790 So.2d at 1066 citing *Chase & Co. v. Little*, 116 Fla. 667, 156 So. 609, 610 (Fla. 1934).

F.    **Waiver:  The Thakkar Entities Participated in the 5th DCA Appeals**

25.    The Thakkar Entities' participation in the Appeals before the 5th DCA constitutes waiver.  Even if they had a legitimate argument, they waived such, expressly and impliedly, over a year ago.  Extensive litigation at the 5th DCA, has already occurred.

26.    Waiver is the voluntary and intentional relinquishment of a known right. *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005); *Bueno v. Workman*, 20 So.3d 993, 998 (Fla. 4th DCA 2009); *Winans v. Weber*, 979 So.2d 269, 274 (Fla. 2d DCA 2007).  The elements necessary to establish waiver are: the existence of a right, privilege, or advantage; the actual or constructive knowledge thereof; and an intention to

relinquish that right, privilege, or advantage. *Bueno v. Workman*, 20 So.3d 993, 998 (Fla. 4th DCA 2009); *Winans v. Weber*, 979 So.2d 269, 274 (Fla. 2d DCA 2007).

27.    Proof of the elements of waiver may be express or implied from conduct or acts that lead a party to believe a right has been waived. *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla. 2005); *LaNeve v. Via S. Fla. L.L.C.*, 908 So.2d 530, 535 (Fla. 4th DCA 2005); *Hamberg v. Liverpool & L.&G. Ins. Co.*, 42 Fla. 86, 27 So. 872 (Fla. 1900); *International Shoe Co. v. Hewitt*, 123 Fla. 587, 167 So. 7 (Fla. 1936) (holding that failure to object in trial court to misjoinder of parties defendant in tort action until after default judgment was reinstated by direction of the Supreme Court constituted waiver of objection).

## IV.    CONCLUSION

**WHEREFORE**, Third Party Plaintiffs, Good Gateway, LLC and SEG Gateway, LLC, request that the Court enter an Order: (1) denying the (a) Motion for Reconsideration of Orders and Judgments Entered Against Chittranjan K. Thakkar, NCT Systems, Inc., Niloy & Rohan, LLC, Orlando Gateway Partners, LLC, and Nilhan Hospitality, LLC [Doc. 219] and (b) Motion for Imposition of Stay of Execution of Collection on Judgments Entered Against Chittranjan K. Thakkar, NCT Systems, Inc., Niloy & Rohan, LLC, Orlando Gateway Partners, LLC, and Nilhan Hospitality, LLC [Doc. 220]; (2) imposing sanctions against Chittranjan K. Thakkar, NCT Systems, Inc., Niloy & Rohan, LLC, Orlando Gateway Partners, LLC, Nilhan Hospitality, LLC, and their counsel John A. Moffa, Esquire of Moffa & Breuer, PLLC who have multiplied

the proceedings in this action "unreasonably and vexatiously" pursuant to 28 U.S.C. § 1927; and

(3) granting any such further relief this Court deems appropriate.

      **RESPECTFULLY SUBMITTED** this 20th day of April, 2016.


                /s/ R. Scott Shuker
                R. Scott Shuker, Esquire
                Florida Bar No.: 984469
                Mariane L. Dorris, Esquire
                Florida Bar No. 0173665
                **LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
                111 N. Magnolia Avenue, Suite 1400
                Orlando, Florida  32801
                Telephone: (407) 481-5800
                Facsimile: (407) 481-5801
                *Attorneys for Good Gateway, LLC and SEG Gateway, LLC*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

Case No. 6:15-bk-03448-KSJ

ORLANDO GATEWAY PARTNERS, LLC,

          Debtor.

CHAPTER 11

_____/

ORLANDO GATEWAY PARTNERS, LLC,

      Plaintiff,

Adv. Pro. No. 6:15-ap-00084-KSJ

vs.

GOOD GATEWAY, LLC, and SEG
GATEWAY, LLC,

*(Substantively Consolidated)*

      Defendants/ Third Party Plaintiffs.

_____/

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of **OMNIBUS RESPONSE AND MEMORANDUM OF LAW** has been served via email or U.S. First Class mail, postage prepaid, to: Jules S. Cohen, Akerman Senterfitt, P.O. Box 231, 420 South Orange Avenue, Orlando, FL 32802, jules.cohen@akerman.com; and John A. Moffa, Moffa & Bonaquisti, P.A., 1776 N. Pine Island Road, Suite 102, Plantation, Florida 33322, john@moffa.law on this 20th day of April, 2016.

                    /s/ R. Scott Shuker
                    R. Scott Shuker, Esq.