ORDERED.

**Dated:  July 28, 2016**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ORLANDO GATEWAY PARTNERS, LLC, | ) ) | Case No. 6:15-bk-03448-KSJ Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ORLANDO GATEWAY PARTNERS, LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 6:15-ap-00084-KSJ |
| | ) | |
| GOOD GATEWAY, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**
**DENYING JUDGMENT DEBTORS' MOTION FOR RECONSIDERATION**

Chittranjan Thakkar and Carson Good, former business partners, are now feuding opponents. They always operated through numerous business entities, and, with their divorce, the complexities caused by this convoluted system is taking a simple dispute to unimaginably litigious and vindictive heights. All of this is compounded by the animosity between the parties,

aggressive litigation tactics, a frequently revolving stable of attorneys, inconsistent, ever-changing legal positions, and one unified goal—to obfuscate issues making it near impossible for courts to resolve the parties' dispute. The Motion for Reconsideration[1] addressed in this Memorandum Opinion is just another example of these parties' attempt to delay and to confuse the issues. The motion is denied.

The focus of the parties' litigation in state court[2] over the last few years relates to valuable real property near the Orlando airport. Thakkar lost this fight when jury verdicts totaling $14.5 million were entered in favor of Good Gateway, LLC and SEG Gateway, LLC (the "Gateway Entities.").[3] Two appeals to the Fifth District Court of Appeals are pending raising many issues, including whether Good legally controls SEG Gateway, LLC.[4]

Debtors, entities controlled by Thakkar, who also are Judgment Debtors and record owners of the airport property, then filed these Chapter 11 cases.[5] With the consent of all parties,[6] I quickly granted relief from the automatic stay to allow the pending appeals to proceed.[7] Briefing is near completion in the appeals. An appellate ruling on all issues, inclusive of the control issue involving SEG Gateway, is expected in the next few months.

One of the Debtors, Orlando Gateway Partners, LLC, then removed to this Court the last vestiges of the state court litigation, primarily relating to collection of the outstanding judgments

---

[1] Doc. No. 219.

[2] The state court civil action is captioned *Good Gateway, LLC v. Orlando Gateway Partners, LLC, et al.*, Case No. 2010-CA-015315-O (Division 43).

[3] Doc. No. 14-15, P. 128, *et seq.*

[4] The appeals are captioned *Orlando Gateway Partners, LLC et al. v. SEG Gateway, LLC et al.*, Case No. 5D14-3062 and *Chittranjan K. Thakkar et al. v. Good Gateway, LLC, et al.*, Case No. 5D14-3964.

[5] Case No. 6:15-bk-03447-KSJ Nilhan Hospitality, LLC, Doc. No. 1. Case No. 6:15-bk-03448-KSJ Orlando Gateway Partners, LLC, Doc. No. 1. The cases were filed on April 20, 2015, and were converted to Chapter 7 liquidation cases on February 10, 2016. Emerson C. Noble is the Chapter 7 Trustee. He opposes the Motion for Reconsideration. Doc. No. 262.

[6] The Motion was sought by Thakkar controlled entities and therefore, if Thakkar did not give his *express* consent, he at least gave *implied* consent to relief from the automatic stay to allow the pending appeals to proceed.

[7] Doc. No. 26 in Case. No. 6:15-bk-03448-KSJ, entered on June 2, 2015. The Order provided "The automatic stay imposed by 11 U.S.C § 362 is modified to permit the following styled appeals pending in the Fifth District Court of Appeal, State of Florida (the "Appeals") to proceed to conclusion: … Case No. 5D14-3962 [and] … Case No. 5D14-

and to lingering discovery disputes.[8] Thakkar and his entities consented to the jurisdiction of this Court to resolve these collection and discovery issues in this removed adversary proceeding, knowing the Fifth District Court of Appeals would rule on the pending appeals.[9]

Thakkar,[10] at this late date and with a new lawyer trying a new tactic, then belatedly filed this Motion for Reconsideration[11] asking this Court, as a substitute for the Fifth District Court of Appeals, to rule on the pending appeals, using the briefs filed before the Florida Appellate Court. Thakkar argues reconsideration is merited under Federal Rules of Civil Procedure 59 and 60 because the state court judgments are "fatally flawed."[12] He primarily argues that the state court trial judge erred on the standing and percentage ownership of SEG Gateway and that the Fifth District Court of Appeals lacks jurisdiction to correct the error after the removal of the state court collection and discovery issues to this Court. Thakkar argues that the Bankruptcy Court should first "fix" the error and then allow a federal district court to rule on the remaining appellate issues, if needed, after reconsideration.

The Gateway Entities oppose any reconsideration[13] principally arguing that Thakkar is just trying to avoid or delay appellate review by the proper court, the Fifth DCA, that the request is untimely, that the *Rooker-Feldman* doctrine applies depriving this Court of jurisdiction to alter the state court orders, and that the doctrines of judicial estoppel, equitable estoppel, and waiver bar Thakkar from revoking his consent to allow the Fifth DCA to resolve the pending appeals.

Thakkar has established no basis for reconsideration and the motion is denied. Reconsideration is appropriate to correct manifest errors of law, to present newly discovered

---

[3[964]." The Court notes the second case number was cut off on the Order but the case number was reflected in the Motion for Relief from Stay at Doc. No. 25 in Case No. 6:15-bk-03448-KSJ.

[8] Doc. No. 1. The removed adversary proceeding was initiated on July 10, 2015.

[9] Doc. No. 53.

[10] Thakkar is joined by two of his entities, NCT Systems, Inc, and Niloy & Rohan, LLC, in filing this motion. All three movants are Judgment Debtors, and I will collectively refer to all three movants as "Thakkar."

[11] Doc. No. 219. Thakkar filed a memorandum of law in support of the motion. Doc. No. 236. The Gateway Entities filed a response opposing the motion. Doc. No. 245.

[12] Doc. No. 236.

evidence, or to prevent manifest injustice.[14] To reconsider a judgment, "there must be a reason a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[15] A motion for reconsideration should not be used to reiterate arguments previously made.[16] Reconsideration of an order is an extraordinary remedy that should only be employed sparingly.[17]

Thakkar has established no basis to allow reconsideration. He complains that the trial court erred. He properly and timely filed appeals to the Fifth DCA. The Fifth DCA soon will take the issue under advisement in the pending appeals and will rule in due course. Thakkar makes no rational argument why this Court should substitute its opinion for that of a very capable state appellate court that can rule not just on this one disputed issue, but on *all* appellate issues. The Court also notes that only the Fifth DCA has jurisdiction over *all* the Judgment Debtors, including not just the two bankrupt Debtors but Thakkar and his various entities.

The parties have consented to allowing the Fifth DCA to rule on the pending appellate issues. In June 2015, the Debtors, Thakkar controlled entities, consented to a modification of the automatic stay to allow the Fifth DCA to complete its appellate work after these related bankruptcy cases were filed. In July 2015, after mediation, Thakkar also consented to the removal of the remaining collection and discovery issues to this Court with full knowledge the Fifth DCA would continue administering the appeals. He has waived any right to change his mind at this late date.

Thakkar's request for reconsideration is untimely. As just noted, he consented to the jurisdiction of the Fifth DCA over one year ago, in June 2015, but waited eight months, until

---

[13] Doc. No. 245.
[14] *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).
[15] *Burger King Corp.*, 181 F. Supp. 2d at 1369 (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).
[16] *Burger King Corp.*, 181 F. Supp. 2d at 1369.

March 21, 2016, to move for reconsideration.[18] Under Federal Rule of Civil Procedure 59, parties must seek reconsideration within 28 days after the entry of the judgment.[19] Under Federal Rule of Civil Procedure 60 parties must seek reconsideration within a reasonable time.[20] Thakkar did not meet these deadlines. The motion is untimely.

Thakkar argues, however, that the removal somehow extended these deadlines. I reject this argument. As the Eleventh Circuit Court of Appeals noted, motions seeking reconsideration should be promptly filed after removal.[21] That Thakkar had filed a Motion to Amend[22] in the state court months before this bankruptcy was filed does not excuse his delay in waiting to file this motion seeking reconsideration for eight months after removal. Ignoring the reality that Thakkar consented both to the Fifth DCA proceeding and to the removal of the collection and discovery issues to this Court, at best, Thakkar had 28 days to seek reconsideration of the state court judgments. He did not and has supplied no justification for this tardy request, other than he hired a new lawyer who suggested a new way to delay the Fifth DCA from proceeding. As I concluded in another order, "there is simply no reason for the Bankruptcy Court to substitute in

---

[17] *Id.*

[18] Doc. No. 219.

[19] Fed. R. Civ. P. 59.

[20] No exact deadline exists for file a motion seeking reconsideration under Rule 60. "A motion under Rule 60(b) must be made within a *reasonable time*--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, these bankruptcy cases were filed on April 20, 2015; the order granting stay relief to allow the appeals to continue was entered on June 2, 2015; and the collection/ discovery issues pending before the state trial court were removed on July 10, 2015, almost eight months before the current motion for reconsideration was filed on March 21, 2016. Thakkar's consent to both the lifting of the stay and the removal combined with his unexplained and unjustified eight month delay support a finding that he did not file this motion within a reasonable time.

[21] *Resolution Trust Corp. v. Bakker*, 51 F.3d 242, 244 (11th Cir. 1995) (emphasis supplied). The current version of the rule provides 28 days.

[22] Under Florida Rule of Civil Procedure 1.530, parties must serve motions to alter or amend a judgment no later than 15 days after entry of the judgment. Fla. R. Civ. P. 1.530(g). This deadline was met. *See generally* Doc. No. 14, Notice of Filing State Court Action Documents Volume 9. However, by filing of Notices of Appeal with the state court Thakkar abandoned any post-final judgment motions under Florida law. "We emphasize that the rule that a party abandons a post-trial judgment motion by filing a notice of appeal is the proper rule, and we hold that the abandonment doctrine still applies in this state." *In re Forfeiture of $104,591 in U.S. Currency*, 589 So. 2d 283, 285 (Fla. 1991).

at this late date when the state court is the better court and perfectly competent to render its ruling on appeal."[23] The Motion for Reconsideration is denied.

Finally, to once and for all put this issue to rest, I *sua sponte* will abstain from any further involvement in the appeals pending before the Fifth DCA. Section 1334 of the United States Code allows a bankruptcy court to voluntarily abstain from hearing certain cases. "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[24] Permissive abstention may be raised by the Court *sua sponte*.[25] Partial permissive abstention is appropriate.[26] Courts consider numerous factors when deciding whether to permissively abstain from a proceeding.[27] All the factors here posit abstention.

The Court already has modified the automatic stay at the parties' request to allow them to proceed with the pending appeals. Thakkar, the Debtors, the Gateway Entities, and, now the Chapter 7 Trustee, are actively participating in the appeals pending before the Fifth DCA. There is no rational reason for this Court to do what the Fifth DCA can more ably do. All parties, including non-debtor parties, are before the appellate court. Briefing will conclude by mid-August 2016. State law issues predominate. Comity to the state courts also guides this decision

---

[23] Doc. No. 38 in Adversary No. 6:15-ap-00098-KSJ.

[24] 28 U.S.C. § 1334 (2012).

[25] *Golf Club at Bridgewater, L.L.C. v. Whitney Bank*, No. 8:09-BK-10430-CED, 2013 WL 1193182, at *4 (M.D. Fla. Mar. 22, 2013).

[26] *Bricker v. Martin*, 348 B.R. 28, 37 (W.D. Pa. 2006).

[27] "These include: (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action." *In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002).

to abstain from considering any aspect of the appeals pending before the Fifth DCA. This Court welcomes their review and decision when issued. Accordingly, Thakkar's Motion for Reconsideration (Doc. No. 219) is **DENIED.**

###

Copies furnished to:

Attorney, John Moffa, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.